IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                                    ORDER
                                Petitioner,

                                                                    09-cv-170-bbc

              v.

RICK RAEMISCH, PETER HUIBREGTSE,
GARY BOUGHTON, ELLEN RAY,
TOM GOZINSKI, WELCOME ROSE,
AMY SMITH, HELLEN KENNEBECK,
KATHRYN ANDERSON, LARRY PRIMMER,
JANA JUERGENS, MONICA HORNER,
TRISHA LANSING, NANCY SALMON,
ELLEN RAY, C. BEERKIRCHER,
THOMAS TAYLOR, DAVID GARDNER,
LT. BOISEN, BRIAN KOOL, TIM HAINES,
CRAIG TOM, LT. HANFIELD, JOSH BROWN,
H. BROWN, W. BROWN, SGT. FURER,
CO NEIS, SGT. CARPENTER,
SGT. BOARDMAN, SGT. BLOYER,
COII JONES, COII JOHNSON, CO HULCE,
COII KARNOPP, R. STARKEY,
SGT. WALLACE, COII ECKT, COII EWING,
D. ESSER, M. SCULLION, JEROMEY CAYA,
JENNIFER SICKINGER, JOAN WATERMAN,
WENDY THOMPSON, SGT. TREFT,
SGT. COOK and JOHN DOES,

                                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Titus Henderson, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has submitted a proposed complaint. He has not paid the $350 fee for filing his complaint. Therefore, I construe his complaint to include a request for leave to proceed in forma pauperis. The request will be denied because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner has been aware of his three-strike status for some time. In each of the following cases, this court dismissed at least one claim raised in Henderson's complaints at the screening stage for one of the reasons listed in § 1915(g). See Henderson v. Belfuel, 03-cv-729-bbc (decided Mar. 16, 2004); Henderson v. Kool, 05-cv-157-bbc (Apr. 25, 2005); Henderson v. Brush, 06-cv-12-bbc (decided Mar. 6, 2006); and Henderson v. Morris, 06-c-407-bbc (decided Nov. 14, 2006). Therefore, petitioner cannot proceed in this case unless I find that the complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher,

337 F.3d 781 (7th Cir. 2003)).  Claims of physical injury ordinarily arise in the context of lawsuits alleging Eighth Amendment violations.

In his 20-page, 118-paragraph complaint, petitioner describes allegations against 48 prison and Department of Corrections employees involving events that occurred at the Wisconsin Secure Program Facility over approximately a five and one-half year period. Petitioner's claims against respondents cover a lengthy list of abuses and include allegations of retaliation, racial discrimination, denial of due process, cruel and unusual punishment and denial of medical treatment.  Petitioner's most troubling allegations involve a period of approximately eight days during which respondents denied him food and water followed by a period of months in which respondents purportedly gave him contaminated food and made verbal threats against him.  Although petitioner's allegations are serious in nature it appears from his complaint that the events giving rise to this action end in January 2009, with prison doctors prescribing medication for petitioner's "psychological and physical injuries."  Because petitioner does not allege that he was in imminent danger of serious physical injury at the time he filed this lawsuit (March 23, 2009), his complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350.  If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief

from a defendant who is immune from such relief.  If petitioner does not make the $350

payment by April 22, 2009, I will consider that he does not want to pursue this action.  In

that event, the clerk of court is directed to close this file.


ORDER

IT IS ORDERED that petitioner Titus Henderson's request for leave to proceed in

forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under

28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until April 22, 2009, in which to

submit a check or money order made payable to the clerk of court in the amount of $350.  If,

by April 22, 2009, petitioner fails to pay the fee, the clerk of court is directed to close this file.

Entered this 1st day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge