IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                          ORDER

                Plaintiff,

                                          09-cv-170-bbc

     v.

RICK RAEMISCH, PETER HUIBREGTSE,
GARY BOUGHTON, ELLEN RAY,
TOM GOZINSKI, WELCOME ROSE,
AMY SMITH, HELLEN KENNEBECK,
KATHRYN ANDERSON, LARRY PRIMMER,
JANA JUERGENS, MONICA HORNER,
TRISHA LANSING, NANCY SALMON,
ELLEN RAY, C. BEERKIRCHER,
THOMAS TAYLOR, DAVID GARDNER,
LT. BOISEN, BRIAN KOOL, TIM HAINES,
CRAIG TOM, LT. HANFIELD, JOSH BROWN,
H. BROWN, W. BROWN, SGT. FURER,
CO NEIS, SGT. CARPENTER,
SGT. BOARDMAN, SGT. BLOYER,
COII JONES, COII JOHNSON, CO HULCE,
COII KARNOPP, R. STARKEY,
SGT. WALLACE, COII ECKT, COII EWING,
D. ESSER, M. SCULLION, JEROMEY CAYA,
JENNIFER SICKINGER, JOAN WATERMAN,
WENDY THOMPSON, SGT. TREFT,
SGT. COOK and JOHN DOES,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

This case was closed on April 29, 2009 when plaintiff Titus Henderson failed to pay the $350 filing fee after I found him ineligible for in forma pauperis status because he had "struck out" under 28 U.S.C. § 1915(g), and none of his claims satisfied the imminent danger exception to § 1915(g). Plaintiff appealed the decision and, on February 16, 2011, the Court of Appeals for the Seventh Circuit concluded that none of plaintiff's previous strikes were valid because plaintiff presented at least one non-frivolous claim in each of them. Henderson v. Huibregtse, no. 08-3650, slip op. at 2 (7th Cir. Jan. 25, 2011) (citing Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010) ("[A] strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on the grounds listed in § 1915(g)," rather than when only one claim out of several is dismissed under § 1915(g).)) The court of appeals remanded the case to this court to determine whether plaintiff may proceed in forma pauperis with this case.

In the meantime, plaintiff has filed a handful of documents, one of which I must consider before addressing the other issues. Plaintiff has filed a copy of a letter to the court of appeals requesting "the necessary forms to file for 'Judicial Disciplinary Proceeding/Removal' of Judge Barbara B. Crabb." I will construe this letter as a motion for my recusal.

28 U.S.C. §§ 144 and 455 apply to motions for recusal and disqualification of judges. Section 144 requires a federal judge to recuse herself for "personal bias or prejudice."

2

Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify herself if she "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). In deciding whether a judge must disqualify herself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under § 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." Id. (citation and quotation omitted).

In his letter, plaintiff states that a prison staff member told him that defendant Ellen Ray contacted me by telephone, and I told her that I was going to dismiss plaintiff's case "because it's not in the proper form." I will deny plaintiff's motion for recusal for two reasons. First, I never had this conversation with defendant Ray, and plaintiff should have no reason to fear that I would have ex parte communications with his opponents. Second, as plaintiff should be aware, I have not dismissed either of plaintiff's pending cases. In fact, this order will set the framework for how the present case will proceed.

Turning to the question whether plaintiff may proceed in forma pauperis, I cannot decide this issue because plaintiff has not submitted a trust fund account statement, which

3

is necessary to calculate an initial partial payment of the $350 filing fee.  Because plaintiff's complaint was submitted on March 23, 2009, his trust fund account statement should cover the period beginning approximately September 23, 2008 and ending approximately March 23, 2009.  In asking for a statement for this time period, I am assuming that prison officials can readily access financial information for a few years ago.  If this is not the case, plaintiff should instead send a statement for the last six months and include an correspondence he has received from prison officials denying his request for the older financial information.

Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).  Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's trust fund account statement to this court.

Next, plaintiff has filed a motion for preliminary injunctive relief and a motion for appointment of counsel.  I will deny the motion for preliminary injunctive relief because it is premature and it does not comply with this court's procedures to be followed on motions for injunctive relief, such as that plaintiff must submit numbered proposed findings of fact that cite to attached evidentiary materials.  Plaintiff is free to file a new motion for preliminary injunctive relief *after* the court screens his claims and determines which may proceed, but he will have to follow the court's procedures.  I will attach a copy of the court's

procedures to this order.

I will deny plaintiff's motion for appointment of counsel because it is simply too early to tell whether plaintiff will require the assistance of counsel; the court has not yet even screened his complaint. Plaintiff is free to file a new motion for appointment of counsel, but in order to be successful, he will first need to provide to the court the names and addresses of at least three attorneys who have turned down his requests for representation.

Finally, I note that as in plaintiff's other pending case, case no. 08-cv-390-bbc, plaintiff's complaint and supplement to the complaint are extremely long, and appear to combine numerous unrelated claims against dozens of defendants. It is likely that if I formally screened this complaint, I would have to break his allegations into several different lawsuits, just as I did in case no. 08-cv-390-bbc. The court may not be able to consider every concern plaintiff has in only one or two lawsuits. As plaintiff works on obtaining the proper financial information to send to the court, he should consider which of his claims he really wants to litigate in this court, and submit an amended complaint (or complaints) breaking his allegations down into more manageable chunks containing *related* claims against a smaller number of prison officials.

ORDER

IT IS ORDERED that

1.  Plaintiff Titus Henderson's motion for my recusal, dkt. #15, is DENIED.

2.  Plaintiff will have until July 11, 2011 to provide a trust fund account statement covering the period beginning approximately September 23, 2008 and ending approximately March 23, 2009, or an explanation of why he has not been able to do so.  Should plaintiff fail to submit this financial information by the deadline, the clerk of court is directed to close the case.

3.  Plaintiff's motion for preliminary injunctive relief, dkt. #13, is DENIED without prejudice to him filing another motion at a later date.

4.  Plaintiff's motion for appointment of counsel, dkt. #14, is DENIED without prejudice to his filing another motion at a later date.

Entered this 20th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge