IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                          ORDER

                Plaintiff,

                                          09-cv-170-bbc

     v.

RICK RAEMISCH, PETER HUIBREGTSE,
GARY BOUGHTON, ELLEN RAY,
TOM GOZINSKI, WELCOME ROSE,
AMY SMITH, HELLEN KENNEBECK,
KATHRYN ANDERSON, LARRY PRIMMER,
JANA JUERGENS, MONICA HORNER,
TRISHA LANSING, NANCY SALMON,
ELLEN RAY, C. BEERKIRCHER,
THOMAS TAYLOR, DAVID GARDNER,
LT. BOISEN, BRIAN KOOL, TIM HAINES,
CRAIG TOM, LT. HANFIELD, JOSH BROWN,
H. BROWN, W. BROWN, SGT. FURER,
CO NEIS, SGT. CARPENTER,
SGT. BOARDMAN, SGT. BLOYER,
COII JONES, COII JOHNSON, CO HULCE,
COII KARNOPP, R. STARKEY,
SGT. WALLACE, COII ECKT, COII EWING,
D. ESSER, M. SCULLION, JEROMEY CAYA,
JENNIFER SICKINGER, JOAN WATERMAN,
WENDY THOMPSON, SGT. TREFT,
SGT. COOK and JOHN DOES,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

On June 20, 2011, I directed plaintiff Titus Henderson to submit his six-month trust fund account statement so that I could assess an initial partial payment of the $350 fee for filing this case.  Now, plaintiff has submitted a letter in which he says that he is enclosing a certified copy of his six-month trust fund account statement between September 2008 and April 2009.  Plaintiff's July 7, 2011 letter goes on to say, "If not [enclosed], your 'Answer' is also enclosed."  Plaintiff's enclosures consist of an interview/information request directed to the business office where he states that according to "Judge Crabb 'Order', you can't charge us."  The statement is not enclosed.

I take this to mean that plaintiff is requesting a free copy of his trust fund account statement, believing that prison staff cannot charge him for copies of this document.  Plaintiff is incorrect.  As with any type of legal expense, plaintiff must budget to pay for copies of his trust fund account statement or seek a legal loan to do so.

Since plaintiff has not yet submitted a copy of his trust fund account statement for the appropriate time period, I will construe his letter as a motion for extension of time. Therefore, I will extend the deadline for plaintiff to submit his trust fund account statement until August 18, 2011.  Plaintiff's trust fund account statement should cover the period beginning approximately September 23, 2008 and ending approximately March 23, 2009. Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2).  If plaintiff fails to provide his statement, this

2

case will be closed.

Plaintiff also asks for the return of his amended complaint in case no. 08-cv-390-bbc and the original complaint and supplemental pleadings in case no. 09-cv-170-bbc. On this one occasion, I will return copies of plaintiff's requested documents with this order. Plaintiff is reminded that he is to retain a copy of his submissions for his own files. The court does not provide free copies of documents to litigants, even those who are proceeding in forma pauperis. In the future, if plaintiff wants the court to copy documents for him, he will have to pay for the copies at the indigent rate of 10 cents a page.

ORDER

IT IS ORDERED that plaintiff is GRANTED an enlargement of time to August 18, 2011, in which to submit a trust fund account statement covering the period beginning approximately September 23, 2008 and ending approximately March 23, 2009. If, by August 18, 2011, plaintiff fails to respond to this order, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 2d day of August, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge