IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

               Plaintiff,

      v.

RICK RAEMISCH, PETER HUIBREGTSE,
GARY BOUGHTON, ELLEN RAY,
TOM GOZINSKI, WELCOME ROSE,
AMY SMITH, HELLEN KENNEBECK,
KATHRYN ANDERSON, LARRY PRIMMER,
JANA JUERGENS, MONICA HORNER,
TRISHA LANSING, NANCY SALMON,
ELLEN RAY, C. BEERKIRCHER,
THOMAS TAYLOR, DAVID GARDNER,
LT. BOISEN, BRIAN KOOL, TIM HAINES,
CRAIG TOM, LT. HANFIELD, JOSH BROWN,
H. BROWN, W. BROWN, SGT. FURER,
CO NEIS, SGT. CARPENTER,
SGT. BOARDMAN, SGT. BLOYER,
COII JONES, COII JOHNSON, CO HULCE,
COII KARNOPP, R. STARKEY,
SGT. WALLACE, COII ECKT, COII EWING,
D. ESSER, M. SCULLION, JEROMEY CAYA,
JENNIFER SICKINGER, JOAN WATERMAN,
WENDY THOMPSON, SGT. TREFT,
SGT. COOK and JOHN DOES,

               Defendants.

ORDER

09-cv-170-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

In an order entered in this case on August 18, 2011, this court assessed plaintiff Titus Henderson a $0.03 initial partial payment of the $350 filing fee and gave him until September 8, 2011, in which to make his payment.  Now plaintiff has submitted a letter in which he asks the court to waive the initial partial payment because he has no money in his regular or release accounts.  I construe plaintiff's letter to be a motion to waive the initial partial filing fee in this case.

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee.  In measuring periodic income, § 1915, the court must look at the prisoner's average monthly deposits and average monthly balance from the six month period immediately preceding the filing of his lawsuit.  28 U.S.C. § 1915(a)(2).  In this case, the trust fund account statement that the court used to assess plaintiff's initial partial payment was from the six months preceding the filing of his complaint on March 23, 2009.  This trust fund account statement shows that plaintiff had an average monthly balance of $0.15 for that period.  If plaintiff's most recent six-month trust fund account statement shows that he has no monthly deposits and a zero monthly balance, then I will grant his motion to waive the initial partial filing fee in this case.

Plaintiff's trust fund account statement should cover the six-month period beginning approximately March 8, 2011 and ending approximately September 8, 2011.  Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of

2

the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send a copy of plaintiff's six-month trust fund account statement to this court.


ORDER

IT IS ORDERED that plaintiff Titus Henderson's motion to waive the initial partial payment in this case, dkt. #22, is STAYED pending receipt of a certified copy of his most recent six month trust fund account statement. Plaintiff may have until September 30, 2011, in which to submit a certified copy of his trust fund account statement for the period beginning approximately March 8, 2011 and ending approximately September 8, 2011. If, by September 30, 2011, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.


Entered this 8th day of September, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3