IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                            OPINION and ORDER

                Plaintiff,

                                            09-cv-170-bbc

       v.

RICK RAEMISCH, PETER HUIBREGTSE,
GARY BOUGHTON, ELLEN RAY,
TOM GOZINSKI, WELCOME ROSE,
AMY SMITH, HELLEN KENNEBECK,
KATHRYN ANDERSON, LARRY PRIMMER,
JANA JUERGENS, MONICA HORNER,
TRISHA LANSING, NANCY SALMON,
C. BEERKIRCHER, THOMAS TAYLOR,
DAVID GARDNER, LT. BOISEN, BRIAN KOOL,
TIM HAINES, CRAIG TOM, LT. HANFIELD,
JOSH BROWN, H. BROWN, W. BROWN,
SGT. FURER, CO NEIS, SGT. CARPENTER,
SGT. BOARDMAN, SGT. BLOYER,
COII JONES, COII JOHNSON, CO HULCE,
COII KARNOPP, R. STARKEY,
SGT. WALLACE, COII ECKT, COII EWING,
D. ESSER, M. SCULLION, JEROMEY CAYA,
JENNIFER SICKINGER, JOAN WATERMAN,
WENDY THOMPSON, SGT. TREFT,
SGT. COOK and JOHN DOES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

This case was closed on April 29, 2009 when plaintiff Titus Henderson failed to pay the $350 filing fee after I found him ineligible for in forma pauperis status because he had "struck out" under 28 U.S.C. § 1915(g), and none of his claims satisfied the imminent danger exception to § 1915(g). Plaintiff appealed the decision and, on February 16, 2011, the Court of Appeals for the Seventh Circuit concluded that none of plaintiff's previous strikes were valid because plaintiff presented at least one non-frivolous claim in each of them. Henderson v. Huibregtse, no. 08-3650, slip op. at 2 (7th Cir. Jan. 25, 2011) (citing Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010) ("[A] strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on the grounds listed in § 1915(g)," rather than when only one claim out of several is dismissed under § 1915(g).)) The court of appeals remanded the case to this court to determine whether plaintiff may proceed in forma pauperis with this case.

Since remand, the court has attempted to ascertain plaintiff's financial status and determine what plaintiff would be required to pay as an initial partial payment of the $350 filing fee for this case. Plaintiff's most recent trust fund account statement indicated that he presently has no means with which to pay an initial partial payment.

Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, I must screen his complaint to determine whether it states a claim upon which relief may be granted. In the June 20, 2011 order in this case, I noted that plaintiff's complaint and

2

supplement to the complaint were extremely long and appeared to combine numerous unrelated claims against dozens of defendants. I suggested that plaintiff submit an amended complaint or complaints organizing his allegations into more manageable chunks containing related claims against a smaller number of prison officials.

Plaintiff has now filed an amended complaint that pares down his allegations somewhat. However, there are still 129 numbered allegations against more than 60 named defendants, detailing various incidents taking place over the course of several years, mostly concerning plaintiff being denied meals. The allegations can be summarized as follows:

- Twice in early 2004, prison staff contaminated plaintiff's food.

- In March 2004, prison staff placed an "invalid restriction" on plaintiff that caused him to be denied 12 meals over 6 days.

- In 2006, plaintiff was threatened with physical harm by prison officials. When plaintiff informed high-level officials of the threats, they failed to intervene.

- On November 1, 2006, prison staff contaminated plaintiff's food. To cover up this act, defendants Ellen Ray, C. Beerkircher and Kelly Trumm falsified grievance documents.

- In February 2007, plaintiff was given a false conduct report that resulted in his being denied 30 meals over the course of 15 days.

- In May 2007, plaintiff was wrongly placed on a "back-of-cell restriction" forcing him to sit naked in the back of his cell when his meals were delivered. Plaintiff refused to do this and was then denied numerous meals. After plaintiff filed a grievance, he was taken to a freezing, dirty cell with no clothes or bedding and was denied medical care for the symptoms caused by the lack of nutrition.

3

• In August 2007, defendants J. Sickinger and J. Caya put a rock in plaintiff's food and then denied him medical care after he broke his tooth on the rock.

• In May and June 2008, prison staff denied plaintiff numerous meals.

• From August through October 2009, prison staff twice forged conduct reports against plaintiff and then denied him numerous meals as punishment.

• Twice in 2010, prison staff contaminated plaintiff's food.

• In January and February 2011, prison officials "forged prison files to deny [plaintiff] 34 meals within 15 days, as punishment."

• Union officials intervened in the investigation of prison staff involved in these claims to prevent them from being fired. These officials encourage the practice of hiring only white prison guards.

• Every time plaintiff is denied food for a 7-10 day interval, he loses about 30 pounds and suffers acute headaches, blurred vision and heart palpitations.

As it stands, I conclude that plaintiff's complaint violates Fed. R. Civ. P. 20, which does not allow the joinder of a number of defendants in one suit unless the claims asserted against the defendants arise out of the same occurrence or series of occurrences. The various incidents described in plaintiff's complaint are alleged to have taken place months if not years apart and involve different sets of defendants with only little overlap.

Plaintiff attempts to tie all of these claims together by stating that they are part of a conspiracy. He alleges that various high-level prison officials "conspired with and approved" prison staff "to promulgate and enforce WSPF 536.03, targeting African-American prisoners . . . to be denied basic necessities as food . . . ," and that union officials and prison staff

4

"conspired and targeted [plaintiff] to be subjected to torture + attempted murder . . . by failing to intervene, approving and participating in racial acts and creating racially violent prison environment by hiring known racist staff with propensity to target African-Americans."

At this point, the facts alleged in plaintiff's complaint do not allow the inference to be drawn that more than 60 separate employees of the Wisconsin Department of Corrections, including the Secretary, administrative staff, the warden of the Wisconsin Secure Program Facility, medical staff and dozens of guards and supervisors, as well as prison employee union officials, plotted together to violate plaintiff's constitutional rights. "A suit stuffed with allegations that the plaintiff has been subjected to a variety of constitutional violations without some hint of a basis for plaintiff's belief that a genuine conspiracy exists will not suffice to satisfy the requirements of Rule 20." Wine v. Thurmer, 2008 WL 1777264, *6 (W.D. Wis. Apr. 16, 2008).

The closest plaintiff comes to properly alleging a conspiracy is his allegation that Department of Corrections officials and prison staff worked together to promulgate and enforce prison regulation WSPF 536.03, which served to target black prisoners, resulting in their being denied basic necessities such as food. However, because plaintiff does not provide more specific allegations, his claims of conspiracy are unclear and violate Federal Rule of Civil Procedure 8, which requires in part "a short and plain statement of the claim showing

that the pleader is entitled to relief." Is plaintiff saying that there is a prison rule explicitly targeting black prisoners? Is he saying that this is the regulation describing the "back of the cell" restriction that plaintiff has repeatedly defied, with the result that he was denied many meals? Or is he saying something else? Without more information from plaintiff, I cannot conclude that his allegations of conspiracy adequately tie all of his individual claims together.

Therefore, I will give plaintiff a chance to submit a new amended complaint more fully setting forth his conspiracy allegations. Plaintiff should explain precisely how Department of Corrections officials, prison staff and union officials agreed to pursue a course of conduct against plaintiff. In particular he should explain what role WSPF 536.03 plays in the conspiracy, as well as explain how each separate incident with prison staff is connected to an agreement between defendants. In short, how does he know that each defendant chose to be part of this conspiracy?

This is not the first time that the court has communicated with plaintiff about unfocused pleadings. In case no. 08-cv-390-bbc, I gave plaintiff multiple chances to trim his expansive pleadings into manageable separate lawsuits. Plaintiff sought reconsideration of those decisions and ultimately failed to respond to the court's final deadline, resulting in the dismissal of his case. The court will not waste judicial resources by going back and forth with plaintiff about his unfocused pleadings in this case. Plaintiff should recognize that the court is bound by Fed. R. Civ. P. 8 and 20 and thus cannot allow him to proceed on a 60-

6

defendant, 120-allegation lawsuit unless he (1) properly shows that all of the allegations are part of the same series of transactions or (2) agrees to break down his expansive complaint into separate manageable lawsuits. If plaintiff wishes to pursue claims regarding only one of the many incidents described in his complaint, he is free to inform the court of that. If plaintiff fails to respond to this order, the case will be dismissed for his failure to prosecute it.

## ORDER

IT IS ORDERED that

1. Plaintiff Titus Henderson's proposed amended complaint, dkt. #23, is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and 20.

2. Plaintiff will have until January 3, 2012 to submit a new amended complaint further detailing his claims as described in the opinion above.

Entered this 12th day of December, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7